UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWARD HOWARD, et al., | CASE NO. C13-0133JLR |
| Plaintiffs, | ORDER ON MOTION TO DISMISS |
| v. | |
| COUNTRYWIDE HOME LOANS, INC., et al., | |
| Defendants. | |

Before the court is a motion to dismiss brought by Defendant Countrywide Home Loans, Inc. ("Countrywide") and numerous other defendants. (Mot. (Dkt. # 6).) Countrywide asks the court to dismiss this residential foreclosure case for failure to state a claim upon which relief can be granted. (*Id.*) Having considered the submissions of the parties, the Complaint, and the governing law, and considering itself fully advised, the court GRANTS IN PART the motion to dismiss and ORDERS Plaintiffs Edward and

ORDER- 1

Marianne Howard ("the Howards") to SHOW CAUSE why the remainder of their Complaint should not be dismissed for lack of subject matter jurisdiction.

The Howards' Complaint alleges nine causes of action based on the Howards' residential mortgage on their Redmond, Washington home. (Compl. (Dkt. # 1-1) ¶¶ 4.1-12.5.) These causes of action are based on two general theories. First, the Howards allege that their mortgage lenders misrepresented loan terms and misled them about the nature of their loan in 2007. (Id. ¶¶ 4.2, 5.3-5.7, 6.2, 6.6, 7.2, 7.6, 12.2.) Next, the Howards claim that their promissory note and its accompanying deed of trust are unenforceable for various reasons related to the Mortgage Electronic Registration System ("MERS"), robo-signing, and subsequent transfers, and in particular that Defendants no longer have the power to non-judicially foreclose on their home. (Id. ¶¶ 4.3, 5.2, 6.3-6.5, 7.3, 7.4, 7.5, 8.2, 8.3, 9.2, 10.2, 11.2, 12.2.)

The Howards' first theory comes too late, and their second too soon. The Howards' claims are time-barred to the extent they are based on misrepresentations that occurred in 2007. There is a three-year statute of limitations for the Howards' claims for fraud, negligence, breach of the implied covenant of good faith and fair dealing, and emotional distress, RCW 4.16.080(4) (fraud); *Angelo v. Angelo*, 175 P.3d 1096, 1107 (Wash. Ct. App. 2008) (fraud);[1] 4.16.080(2) (negligence); *Steinberg v. Seattle-First Nat. Bank*, 832 P.2d 124, 125 n.4 (Wash. Ct. App. 1992) (breach of implied covenant of good

---

[1] The Howards assert the statute of limitations is six years under RCW 4.16.040(1) because their claims are based on a written contract. (Resp. at 7.) This assertion contradicts the plain language of RCW 4.16.080(4), which states that a three year statute of limitations applies to "[a]n action for relief upon the ground of fraud." RCW 4.16.080(4).

ORDER- 2

faith and fair dealing); *Cox v. Oasis Phys. Therapy, PLLC*, 222 P.3d 119, 127 (Wash. Ct. App. 2009) (emotional distress), and a four year statute of limitations for their claim under the Washington Consumer Protection Act, RCW 19.386.120. All of these limitations periods have long since passed for conduct that occurred in 2007. Further, there is no basis for tolling. A plaintiff's claim is not tolled if they knew or, through the exercise of reasonable diligence, should have known all the facts necessary to establish their claim. *Crisman v. Crisman*, 931 P.2d 163, 166 (Wash Ct. App. 1997). The Howards claim they were misled about the terms of their loan, but they could have learned about those terms simply by reading their loan papers. (*See* Compl. ¶ 4.2; *id.* Ex. A at 33.) Under these circumstances, there can be no equitable tolling. Thus, to the extent the Howards' claims are based on misrepresentation that occurred in 2007, the court GRANTS Defendants' motion to dismiss those claims as time-barred.

With respect to the Howards' second theory, the court is not satisfied that it has subject matter jurisdiction over claims based on this theory. (*See id.* ¶¶ 4.3, 5.2, 6.3-6.5, 7.3, 7.4, 7.5, 8.2, 8.3, 9.2, 10.2, 11.2, 12.2.) The essence of the Howards' theory is that the Howards' promissory note and deed of trust are unenforceable because of robo-signing, the involvement of MERS, and certain transfers of the note. (*See id.*) This theory and the claims based on it are predicated on Defendants' right to enforce the terms of the promissory note and deed of trust by pursuing non-judicial foreclosure against the Howards. (*See id.*) The court is not satisfied that it has standing for these claims because the Howards do not allege that any of the Defendants have taken steps toward foreclosing the Loan. (*See generally* Compl.) Indeed, the Howards do not even allege that they are

ORDER- 3

behind on their current loan obligations. (*Id.*) The court cannot discern how any of Defendants' actions concerning assigning the Deed of Trust or transferring the Loan has harmed the Howards.[2] *See Bisson v. Bank of Am.*, --- F.Supp.2d ---, 2013 WL 325262, at *3 (W.D. Wash. Jan. 15, 2013) (finding that plaintiffs lacked standing to pursue claims asserting that the defendants had improperly securitized their mortgage where the plaintiffs failed to allege any defendant had begun non-judicial foreclosure proceedings and were current on their loan payments).

To give Plaintiffs the opportunity to address this issue in light of *Bisson*, the court ORDERS Plaintiffs to SHOW CAUSE by Friday, April 5, 2013, why the court has standing to hear their remaining claims. If no showing is made, the court will dismiss the complaint for lack of subject matter jurisdiction. Defendants' response, if any, should be submitted within five days of the date of Plaintiff's submission.

Dated this 25th day of March, 2013.

JAMES L. ROBART
United States District Judge

---

[2] The Howards' argument that Defendants somehow improperly securitized the Loan is irrelevant. "Securitization merely creates a separate contract, distinct from the Plaintiffs' debt obligations under the Note, and does not change the relationship of the parties in any way." *Bhatti v. Guild Mortg. Co.*, No. C11-0480JLR, 2011 WL 6300229, at *5 (W.D. Wash. Dec. 16, 2011).

ORDER- 4